**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0836-20

THE ESTATE OF JOSEPH
SAITTA,

     Plaintiff-Respondent,

v.

MAY FUNERAL HOME,
INC. and THOMAS MAY,

     Defendants-Appellants.

_____

Argued December 9, 2021 – Decided January 20, 2022

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1652-19.

Samuel D. Jackson argued the cause for appellants (Lento Law Group, PC, attorneys; Daniel W. Weininger, on the briefs).

Kristopher J. Berr argued the cause for respondent (Del Duca Lewis, LLC, attorneys; Laura M. D'Allesandro, on the brief).

PER CURIAM

Defendants May Funeral Home, Inc. and Thomas May appeal from the August 28, 2020 grant of summary judgment to plaintiff the Estate of Joseph Saitta, and an earlier May 7, 2020 order denying an extension of discovery. We affirm.

The procedural history in this case mandates the outcome. On May 1, 2019, plaintiff filed a complaint against defendants, alleging the breach of a lease/purchase agreement that was subsequently converted to a month-to-month tenancy subject to the same lease terms. The "triple net" lease required defendants to pay real estate taxes, utilities, and maintenance on the property. The complaint was served on the corporation on May 3, 2019, and on the individual defendant, who had assumed personal liability for the lease obligations, on May 8, 2019. Plaintiff alleged that defendants failed to meet their obligations despite repeated written demands requiring plaintiff to fund the repairs. Plaintiff sought reimbursement of those costs and counsel fees pursuant to the lease term.

A default judgment was entered on June 18, 2019, when no answers were filed. On December 6, 2019, plaintiff moved for final judgment by default returnable January 10, 2020. On January 8, 2020, having failed to obtain plaintiff's consent to reopen the matter, defendants requested the judge adjourn

A-0836-20

the case to allow them sufficient time to oppose entry of final judgment by default. The judge carried the motion to January 20, 2020. Despite the request for a continuance, no opposition was filed. Thus, on January 24, 2020, the court entered judgment.

Defendants' motion to vacate was filed February 12, 2020. On February 28, 2020, the motion was granted. On March 31, 2020, the court sent a notice to counsel fixing the trial date for June 8, 2020.

The 150-day discovery period ended January 3, 2020. Defendants notified the clerk's office that by agreement discovery would extend sixty days to March 3, 2020. When defendants attempted to file a consent order extending discovery yet again to September 30, 2020, they were advised that further extensions required a formal motion. The motion was filed, and denied by the trial judge May 8, 2020. In denying the motion, the judge said:

> On April third, the (indiscernible) discovery supplied a consent order but there's no (indiscernible) on this motion extended. Especially since it has to be reopened, it's got to be exceptional circumstances and here's the certification which appears to be completely (indiscernible) lacking.
>
> All it says is the (indiscernible) has agreed to extend discovery. It's been extended by sixty days and if it's not extended, both parties will suffer. Plaintiff's counsel has consented and that's it. There's no exceptional circumstances (indiscernible) even meets

3

good cause.  There's no explanation, this motion will be denied.

The judge compared the submissions in support of and in opposition to the summary judgment motion, finding that defendants essentially acknowledged having received notice over the nine-month period in which repairs were made.  He also found no support for defendants' claim that some of the repairs were actually improvements intended to enhance the property's value rather than address ordinary wear and tear.  The judge further noted that defendants neither objected to the work being performed nor requested the opportunity to obtain other quotes or another contractor.  Thus, he concluded that no material facts were in issue.  He awarded plaintiff $31,061.93, but denied the request for attorney's fees.

This appeal followed.  Defendants assert the following:

> POINT I
>
> The Trial Court Improperly Precluded The Mays From Conducting Any Discovery.
>
> POINT II
>
> The Trial Court Disregarded Genuine Issues Of Material Fact When It Awarded Summary Judgment In The Estate's Favor.

4

I.

We review decisions on motions to reopen and extend discovery under an abuse of discretion standard. Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 87 (App. Div. 2007). "Our standard of review is limited to a determination of whether the trial court mistakenly exercised its discretion in denying plaintiff's motion for an extension of [the] discovery period under R. 4:24–1(c)." Ibid. (quoting Huszar v. Greate Bay Hotel & Casino, Inc., 375 N.J. Super. 463, 471-72 (App. Div. 2005)). There is ample support in the record for the judge's decision.

"[T]he court shall enter an order extending discovery" only "if good cause is . . . shown." R. 4:24-1(c). However, "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." Ibid. In Zadigan v. Cole, 369 N.J. Super. 123, 133 (App. Div. 2004), this court laid out four factors that the moving party must meet to satisfy the exceptional circumstances standard. Those factors include:

> (1) counsel is diligent in pursuing discovery during the discovery time period; (2) the additional discovery or disclosure sought is essential to the case; (3) the reason why counsel failed to request an extension of discovery within the original discovery period is provided; and (4) the circumstances surrounding the failure to complete discovery are clearly beyond the control of both the attorney and the litigant seeking the extension.

5

A-0836-20

[Ibid.]

"If a moving party fails to satisfy any of these minimums, the permission to late file discovery should be denied . . . because, absent such a showing, it would be difficult to conclude that denying the request would result in 'grave injustice.'" Ibid.

In this case, the court entered final judgment by default on January 24, 2020, because defendants did nothing despite being granted an adjournment and a two-week rescheduling. The record is silent as to the reason counsel failed to expeditiously file the necessary pleadings after requesting an adjournment. Furthermore, when defendants finally did obtain an order vacating the default judgment, they made no simultaneous application to extend the discovery period.

It was not until April 3, 2020, that defendants requested an extension, three days after a trial date had been set. Because defendants' request came after the trial date was fixed, defendants were obliged to establish exceptional circumstances. As the judge noted, the supporting certification contained no explanation at all, much less a demonstration of exceptional circumstances. Defendants only said the failure to extend discovery would prejudice both parties and that plaintiff did not object. That is insufficient. None of the

6

<u>Zadigan</u> factors were satisfied. The trial judge did not abuse his discretion in denying the request. <u>See</u> <u>Zadigan</u>, 369 N.J. Super. at 133.

At oral argument and in their brief, defendants asserted that vacating the final judgment of default implicitly established grounds for extending discovery and satisfied their burden to show good cause pursuant to <u>Rule</u> 4:24-1(c). No law supports that position. The argument entirely sidesteps the failure to request an extension.

In any event, the good cause requirements and exceptional circumstances are separate. At the time the motion was filed, a trial date had been set. Thus, exceptional circumstances were necessary. The unexplained delay in pursuing discovery or an extension cannot satisfy the rule requirements. <u>See</u> <u>Huszar</u>, 375 N.J. Super. at 474 ("No such exigent circumstances are present in this case. Here, the delay rests squarely on plaintiff's counsel's failure to retain an expert and pursue discovery in a timely manner.").

## II.

We review a judge's decision to grant summary judgment de novo. <u>Branch v. Cream-O-Land Dairy</u>, 244 N.J. 567, 582 (2021). We apply the same standard as the motion judge and "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are

A-0836-20

sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Attached to plaintiff's application were multiple certifications, copies of letters, bills for completed work, and notices from insurance companies advising that if the work was not performed, coverage would be cancelled. In response, the individual defendant's certification was a general denial, raising questions based on speculation alone.

Plaintiff sent notices and performed work, and defendants ignored their obligations. Defendants' current claims that they should have received better notice and an opportunity to obtain their own estimates of work lack merit. As the judge pointed out in his oral decision granting summary judgment, the lease required defendants to maintain the property and make structural repairs. Defendants' objection that they were not given enough opportunity to make the repairs or hire a contractor makes no sense because they had ample notice.

Based on our review of the submissions, it is clear that the requirements of Rule 4:46-2(c) have been met. There is no genuine issue as to any material fact. Plaintiff is entitled to a judgment or an order as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-0836-20